UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

REVISION LEGAL, PLLC,
    Plaintiff,

v.                                                       Case No.:

JOHN DOE,                                     Hon.
    Defendant,

<REVISOINLEGAL.COM>, a res,
    Defendant,

_____

## COMPLAINT

Plaintiff, Revision Legal, PLLC, states as follows:

### INTRODUCTION

1. Upon information and belief, Defendant hacked into the computer systems belonging to one of Plaintiff's clients, registered a domain name confusingly similar to Plaintiff's REVISION LEGAL trademark, and tricked the client into wiring a large sum of money to the Defendant's account.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Revision Legal, PLLC, is a professional limited liability company located in this judicial district.

3. Plaintiff provides corporate, intellectual property, and internet law legal services to businesses and individuals around the world.

1

4. To protect its favorable reputation across the United States, Plaintiff has filed for and obtained registration of its distinctive REVISION LEGAL trademark with the United States Patent and Trademark Office. **Exhibit 1**, '059 Registration.

5. Defendant is an online criminal that engaged in a scheme to infiltrate computer systems belonging to Plaintiff's client located in Michigan ("Client"), register <revisoinlegal.com> (the "Infringing Domain"), and unlawfully instruct Client to wire money to its account in an attempt to steal money. Defendant's identity is currently unknown and is referred to as John Doe or Defendant.

6. The registrant of the Infringing Domain is unknow as the registrant named a privacy protection proxy service as the registrant of the domain in the public WHOIS records. **Exhibit 2**, Infringing Domain WHOIS Record.

7. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, and this Court has pendant, ancillary, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claims are so closely related that they form part of the same case or controversy.

8. The registrar for the Infringing Domain is Google LLC, which has an office located within this judicial district at 2300 Traverwood Drive, Ann Arbor, MI 48105.

9. This Court has in rem jurisdiction over the claims in this Complaint under the Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125, because the domain name which is the subject of this litigation has its *situs* in this judicial district, the domain name violates the Plaintiff's rights to the REVISION LEGAL trademark protected under the Act, and the Plaintiff is not able to obtain in personam jurisdiction over the a person who would be a defendant in this civil action or through due diligence, was not able to find a person who would have been a defendant in this civil action.

10. This Court has personal jurisdiction over Defendant consistent with MCL § 600.705 because Defendant transacted business in this state by fraudulently inducing Client to wire it money and has done or caused an act to be done within this state resulting in an action for tort based on Defendant fraudulently inducing Client to wire it money causing Client damages.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is subject of this civil action is situated in this judicial district and because the exercise of jurisdiction by the Court over Defendant is proper.

## **DEFENDANT'S UNLAWFUL ACTS**

12. On or prior to May 14, 2019, Defendant obtained improper and unauthorized access to Client's email system.

13. Defendant then located emails between Plaintiff and Client pertaining to Client's outstanding balance with Plaintiff for legal services.

14. Defendant then Defendant registered the "Infringing Domain" (<revisoinlegal.com>) which is a typosquatting registration as it transposes the "o" and "i" in "revision" and is intended to appear as Plaintiff's URL, <revisionlegal.com>.

15. Defendant then inserted himself in the email thread while removing Plaintiff's attorneys from the email thread.

16. Defendant then emailed Client falsely informing Client that Plaintiff was changing how it was accepting payments and attached an altered invoice instructing Client to send payment via wire transfer to Premier Bank, located at 1400 Black Bridge Road, Janesville, WI 53545 to an account under the name Hamsel Group, LLC, Account Number 160960, Routing Number 075902175 ("Fraudulent Account").

17. Client, believing this information was accurate, wired in excess of $25,000 to the Defendant's Fraudulent Account.

## COUNT I – COMPUTER FRAUD AND ABUSE ACT

18. Plaintiff restates all forgoing paragraphs as if fully stated herein.

19. Defendant John Doe accessed a protected computer, upon information and belief Client's email systems and computers, knowingly with an intent to defraud.

20. Defendant John Doe accessed Client's email systems and computers without authorization from Client.

21. Defendant John Doe's access of Client's email systems and computers was in furtherance of Defendant John Doe's intended fraud, namely, to induce Client to wire money to Defendant John Doe.

22. Through the unauthorized access to Client's email systems and computers, Defendant John Doe fraudulently induced Client to wire money to Defendant John Doe.

23. As a result of Defendant John Doe's knowing, willful, and fraudulent actions, Client has suffered economic damages and losses in excess of $25,000.

24. Client has assigned all its rights to recovery and ability to prosecute claims relating to Defendant's unlawful actions to Plaintiff.

25. Defendant John Doe has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

## COUNT II – CONVERSION

26. Plaintiff restates all forgoing paragraphs as if fully stated herein.

27. Defendant John Doe accessed Client's email systems and computers without authorization from Client.

28. Through the unauthorized access to Client's email systems and computers, Defendant John Doe fraudulently induced Client to wire money to Defendant John Doe.

29. The money wired to Defendant constitutes Client's personal property.

30. Client has an immediate right to possession of the money wired to Defendant.

31. Defendant John Doe continues his unauthorized possession of Client's personal property.

32. Client has assigned all its rights to recovery and ability to prosecute claims relating to Defendant's unlawful actions to Plaintiff.

33. Defendant John Doe is liable for conversion.

## COUNT III – FRAUD

34. Plaintiff restates all forgoing paragraphs as if fully stated herein.

35. Defendant John Doe made a representation of a material fact by telling Client that Plaintiff changed its banking information to his own account.

36. This representation was false when made.

37. Defendant John Doe knew it was false when made.

38. Defendant John Doe made the representation with the intention of inducing Client's reliance.

39. Client wired the money in reliance on the representation.

40. Client suffered damages as a result.

41. Client has assigned all its rights to recovery and ability to prosecute claims relating to Defendant's unlawful actions to Plaintiff.

42. Defendant John Doe is liable for fraud.

## COUNT IV – CYBERSQUATTING

43. Plaintiff restates all forgoing paragraphs as if fully stated herein.

44. Prior to filing this lawsuit, Plaintiff provided notice of ITS intent to proceed on an in rem basis to the Infringing Domain registrant by sending a notice of intent to proceed, along with a copy of this Complaint, to the postal address and email address the registrant provided to the registrar consistent with 15 U.S.C. § 1125(d)(2)(A)(ii)((II)(aa). See **Exhibit 3**, Intent to Proceed.

45. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)((II)(bb), Plaintiff will promptly publish notice of this civil action as the court may direct after filing this Complaint.

46. Plaintiff is the owner of exclusive rights in and to the REVISION LEGAL trademark for use in association with providing legal services.

47. The Infringing Domain confusingly similar to the REVISION LEGAL mark because it intentionally transposes the "o" and "i" in "revision" and is intended to appear as Plaintiff's URL, <revisionlegal.com>.

48. Defendant John Doe registered, used, and trafficked in the Infringing Domain with a bad faith intent to profit from the use of Plaintiff's trademark.

49. Plaintiff's REVISION LEGAL trademark was distinctive at the time of John Doe's registration, trafficking in, conversion, and/or use of the Infringing Domain.

50. Defendant John Doe registered, converted, and/or used the Infringing Domain with knowledge of Plaintiff's REVISION LEGAL trademark.

51. Defendant John Doe does not have any intellectual property rights or any other rights in Plaintiff's REVISION LEGAL mark.

52. Defendant John Doe registered, used, and trafficked in the Infringing Domain with the intent to fraudulently induce Client to wire it money.

53. Defendant John Doe's conversion of, registration under his name, and trafficking in the Infringing Domain constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

54. By reasons of Defendant John Doe's acts alleged herein, Plaintiff is entitled to transfer of the Infringing Domain name into its possession consistent with 15 U.S.C. § 1125 (d)(2)(D).

55. By reasons of Defendant John Doe's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by John Doe. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

56. By reason of Defendant John Doe's acts alleged herein, Plaintiff is entitled to recover the costs of the action.

57. This an exceptional case, making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this honorable Court grant the following relief:

A. Award Plaintiff all damages available under law, including but not limited to compensatory, punitive, consequential damages, statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117, attorney fees, costs, and interest available under law;

B. Award Plaintiff possession of the <revisoinlegal.com> domain name by entering an order requiring Google LLC to take reasonable measures to transfer the same to Plaintiff; and,

C. Award Plaintiff any other relief this Honorable Court deems appropriate.

Dated: December 5, 2019  /s/ Eric Misterovich
Eric Misterovich (P73422)
John Di Giacomo (P73056)
Counsel for Plaintiff
Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
269-281-3908
eric@revisionlegal.com
john@revisionlegal.com